# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:16-cv-00212-MR
### [CRIMINAL CASE NO. 1:00-cr-00074-MR-1]

RICHARD ALLEN JACKSON,

Petitioner,

v

UNITED STATES OF AMERICA,

Respondent.

## GOVERNMENT'S UNOPPOSED MOTION TO HOLD PETITIONER'S MOTION TO VACATE CONVICTION IN ABEYANCE

COMES NOW the United States of America, by and through undersigned counsel and the United States Attorney for the Western District of North Carolina, and files this unopposed request to hold in abeyance Richard Allen Jackson's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255.  Doc. 1.

On July 8, 2016, this Court issued an Order under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C.A. foll. § 2255, recognizing that Jackson sought to vacate his conviction under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requiring the government to respond to the motion within 90 days.  Indeed, Jackson argues in his Motion to Vacate that *Johnson v. United States*, 135 S. Ct. 2552 (2015), invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B), and thereby renders his § 924 conviction unconstitutional.  Docs. 1 & 2.

In *United States v. Ali*, (4th Cir. case no. 15-4433), and *United States v. Simms* (4th Cir.

1

case no. 15-4640), the United States Court of Appeals has agreed to decide whether *Johnson* renders the residual clause of § 924(c)(3)(B) unconstitutionally vague. The Fourth Circuit has tentatively calendared the cases for oral argument in October of this year. The Government further notes that a petition for certiorari has been filed in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. pet. filed, in* case no. 15-1498 June 13, 2016. *Dimaya*, addresses the constitutionality of the residual clause in 18 U.S.C. § 16(b), which uses language identical to that in § 924(c)(3)(B). Because the decisions in *Ali* and *Simms* may control the outcome of this case, the government respectfully requests that the Court hold this matter in abeyance pending a final decision in *Ali* and *Simms*. The government notes, moreover, that further delay may be appropriate if the Supreme Court takes up *Dimaya*.

On July 25, 2016, I conferred by telephone with Jackson's attorney, John A. Fagg, Jr., regarding this motion. Counsel for Jackson does not oppose this motion.

The government therefore respectfully requests that the Court hold this matter in abeyance pending final decisions in *Ali* and *Simms*. The government notes, moreover, that further delay may be appropriate if the Supreme Court takes up *Dimaya*.

Respectfully submitted this 26th day of July, 2016:

Respectfully submitted,
JILL WESTMORELAND ROSE
United States Attorney
Western District of North Carolina

*/s/Jeffrey B. Kahan*
JEFFREY B. KAHAN
U.S. Dept. of Justice, Capital Case Section
1331 F Street, NW, 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
jeffrey.kahan@usdoj.gov

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

This is to certify that I have, on this 26th day of July, 2016, served by electronic service, through the Court's ECF system, a copy of the Government's Unopposed Motion to Hold Petitioner's Motion to Vacate Conviction in Abeyance on the attorneys for Petitioner, Richard Allen Jackson, as follows:

- Alton Larue Gwaltney, III: larrygwaltney@mvalaw.com, victorialyons@mvalaw.com

- Frank E. Schall: frankschall@mvalaw.com, cherylwalters@mvalaw.com, mariannboyer@mvalaw.com

- John Anderson Fagg, Jr: johnfagg@mvalaw.com, lindamelin@mvalaw.com

*/s/ Jeffrey B. Kahan*
TRIAL ATTORNEY
United States Department of Justice
Capital Case Section
1331 F Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
jeffrey.kahan@usdoj.gov