# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00212-MR
# CRIMINAL CASE NO. 1:00-cr-00074-MR-1

| | |
|---|---|
| RICHARD ALLEN JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 7].¹ According to the government's motion, defense counsel does not oppose its request. [Id.].

On May 7, 2001, Jackson was convicted of a single count of carrying or using a firearm during crimes of violence, to wit: kidnapping, sexual assault, and murder, in violation of 18 U.S.C. §§ 924(c) & (j). [CR Doc. 176]. On May 14, 2001, Jackson was sentenced to death. [CR Doc. 187].

---

¹ Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-00212-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:00-CR-00074-MR-1.

On June 24, 2016, Jackson commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. Petitioner contends that, in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the alleged crimes of violence supporting his firearms conviction do not qualify as "crimes of violence" as defined by 18 U.S.C. § 924(c)(3)(B). [CV Doc. 2 at 4-5].

In response to Jackson's petition, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit are the cases of <u>United States v. Ali</u>, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session) and <u>United States v. Simms</u>, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The appellants in <u>Ali</u> and <u>Simms</u> both contend that <u>Johnson</u> renders the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. The Government asserts that if the Fourth Circuit so determines, it may in turn conclude that the three federal offenses upon which Jackson's conviction rested – murder, kidnapping, and aggravated sexual assault – can no longer be considered "crimes of violence" under 18 U.S.C. § 924(c)(3)(B) and thus his conviction is void.

Based upon the foregoing reasons, and without opposition from the Petitioner, the Court concludes that the government's motion should be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 7], is hereby **GRANTED** and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the Ali and Simms cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: August 1, 2016

Martin Reidinger
United States District Judge

3