# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00212-MR
# CRIMINAL CASE NO. 1:00-cr-00074-MR-1

| | |
|---|---|
| RICHARD ALLEN JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's motion requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 15].[1] According to the Government's motion, the Petitioner's counsel does not oppose its request. [Id.].

On May 7, 2001, the Petitioner was convicted of a single count of carrying or using a firearm during crimes of violence, to wit: kidnapping, sexual assault, and murder, in violation of 18 U.S.C. §§ 924(c) & (j). [CR Doc.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-00212-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:00-CR-00074-MR-1.

176]. On May 14, 2001, the Petitioner was sentenced to death. [CR Doc. 187].

On June 24, 2016, the Petitioner, through counsel, commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. The Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), the alleged crimes of violence supporting his firearms conviction do not qualify as "crimes of violence" as defined by 18 U.S.C. § 924(c)(3)(B). [CV Doc. 2 at 4-5].

In response to the motion to vacate, the Government filed a motion to hold this proceeding in abeyance pending a ruling by the Fourth Circuit in the cases of United States v. Ali, No. 15-4433 (4th Cir.), and United States v. Simms, No. 15-4640 (4th Cir.). [CV Doc. 7]. The Court granted the Government's motion. [CV Doc. 8]. Subsequently, on January 31, 2019, the parties filed a Joint Status Report, in which the parties agreed that the Court should continue holding this action in abeyance, pending a decision by the United States Supreme Court in United States v. Davis, No. 18-431. [CV Doc. 9]. The Court thereafter continued to hold this matter in abeyance pending a ruling in Davis. [CV Doc. 10].

The Supreme Court announced its decision in Davis on June 24, 2019. In light of that decision, the Court lifted the stay and directed the Government

to respond to the Petitioner's allegations. [CV Doc. 11]. The Government sought, with the consent of the Petitioner, two extensions of time to file its response. [See CV Docs. 13, 14]. The Government's response is currently due on November 21, 2019.

The Government now moves to hold this case again in abeyance pending a decision by the Supreme Court in Walker v. United States, No. 19-373 (cert. granted Nov. 15, 2019). The question presented in Walker is whether an offense that can be committed with a *mens rea* of recklessness can qualify as a "violent felony" under the Armed Career Criminal Act. Arguing that the question presented in Walker is likely to bear on or dispose of one of the issues raised in the Petitioner's motion, the Government requests that this Court hold the matter in abeyance until the Supreme Court decides Walker. The Government advises that counsel for the Petitioner does not object to holding this matter in abeyance.

Upon review of the Government's motion, the Court finds that the Government has not stated good cause for staying this case pending a decision in Walker. The question presented in Walker appears to be only tangentially related to the issues raised by the Petitioner's motion. The Court further notes that this matter has been pending for over three years, and to stay this matter pending a decision by the Supreme Court in an unrelated

3

matter for which certiorari was only recently granted will only serve to delay this matter further.

For these reasons, the Court will deny the Government's motion to place this case in abeyance without prejudice. The Court will grant the Government until January 15, 2020 to file a response to the Petitioner's motion to vacate.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government's motion to place this case in abeyance [CV Doc. 15] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Government shall have through and including **January 15, 2020** to file a response to the Petitioner's motion to vacate.

**IT IS SO ORDERED.**

Signed: November 22, 2019

Martin Reidinger
United States District Judge