# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 1:16CV212
### (1:00-CR-74)

| | |
|---|---|
| RICHARD ALLEN JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**MOTION TO DISMISS RICHARD ALLEN JACKSON'S
2016 MOTION UNDER 28 U.S.C. § 2255**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... ii

I.      BACKGROUND ........................................................................................ 1

II.     DISCUSSION ............................................................................................ 4

    A.      Jackson's procedural default bars his claim. ............................. 5

    B.      Jackson's motion fails as a matter of law on the merits. .......... 7

        1.      Jackson's murder offense continues to qualify as
               a crime of violence. ........................................................... 9

        2.      Jackson's aggravated sexual abuse offense
               continues to qualify as a crime of violence ................... 13

    C.      The error Jackson alleges would be harmless. ......................... 18

    D.      Jackson would not be entitled to remedy he seeks in
        any event. ....................................................................................... 19

III.    CONCLUSION ........................................................................................ 21

The United States respectfully requests that this Court dismiss Richard Allen Jackson's successive[1] motion under 28 U.S.C. § 2255, which challenges his capital conviction for using a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), (j). Two of the predicate crimes of violence that the jury specifically found supported Jackson's conviction — first-degree murder, 18 U.S.C. § 1111(a), and aggravated sexual abuse, 18 U.S.C. § 2241(a) — remain crimes of violence today. Jackson's conviction, therefore, remains valid as a matter of law. And if Jackson were correct that none of his predicate offenses qualify as a "crime of violence" under section 924(c), the error he alleges would be harmless. The jury unanimously found Jackson to have committed multiple federal capital offenses, and the outcome of his criminal proceeding would have been no different if he had been charged with and convicted of those offenses directly. Jackson's motion and the record, therefore, conclusively establish that Jackson is entitled to no relief.

## I.    BACKGROUND

In October of 1994, Jackson confronted Karen Styles on a trail in the Pisgah national forest, threatened her with a gun, duct-taped her to a tree, and raped her. *United States v. Jackson*, 327 F.3d 273, 280 (4th Cir. 2003). Styles offered Jackson her car and money that it contained. *Id.* And she repeatedly

---

[1]  This Court can dismiss Jackson's 2255 motion for the reasons described in the United States' motion without considering the effect of limitations that Congress has placed on successive 2255 motions, *see, e.g.*, 28 U.S.C. § 2244(b)(4); 2255(h). *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'").

pleaded with him not to hurt her.  *Id.*

Jackson "shocked Styles with a stun gun once above her left breast and several times in the pubic area."  *Id.*  He "then moved away from Styles and looked at his pornographic magazine while masturbating."  *Id.*  The duct tape that Jackson had placed "over Styles's mouth loosened, and Styles began screaming."  *Id.*

"Jackson walked up to" Styles, "put the gun to her head, and shot her once," murdering her.  *Id.* at 278, 280.  "Styles's nude body was discovered by a hunter, duct-taped to a tree, where investigators also found a duct-tape wrapper, a pornographic magazine, and one spent Remington .22 caliber rifle casing."  *Id.* at 279.  "Jackson confessed fully."  *Id.* at 280.

A jury convicted Jackson in this Court of one count of using a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), (j).  *Id.*; *Superseding Indictment* (Doc. No. 19, 1:00CR74); *Verdict Sheet* (Doc. No. 176, 1:00CR74), at 1–2.  The indictment alleged three specific federal offenses as predicate crimes of violence.  *Superseding Indictment* 1–2.  The first "crime of violence" is murder within the special territorial jurisdiction of the United States, 18 U.S.C. § 1111(a).  *Id.* at 1.  The second "crime of violence" is kidnapping, 18 U.S.C. § 1201(a)(2).  *Id.* at 1.  And the third "crime of violence" is aggravated sexual abuse, 18 U.S.C. § 2241(a)(1)-(2).  *Id.* at 1–2.

The jury returned a special verdict form with a number of specific findings.  *Verdict Sheet* 1–2.  The jury unanimously found that Jackson "committed the

2

crime of kidnaping Karen Styles." *Id.* The jury unanimously found that Jackson "committed the crime of aggravated sexual abuse of Karen styles." *Id.* And the jury unanimously found that Jackson "committed the crime of the murder of Karen Styles." *Id.* at 1–2.

In addition to specifically finding that Jackson committed each of the three crimes of violence specified in the indictment, the jury also specifically and unanimously found that Jackson had committed the murder of Styles three specific ways. *Id.* at 2. The jury found that Jackson "committed the murder of Karen Styles with malice aforethought, willfully, deliberately, maliciously and with premeditation." *Id.* at 2. The jury found that Jackson "committed the murder of Karen Styles during the perpetration of kidnaping." *Id.* And the jury found that Jackson "committed the murder of Karen Styles during the perpetration of aggravated sexual abuse." *Id.*

After a sentencing trial, "[a]ll 12 jurors signed" a "verdict form, unanimously recommending that Jackson be sentenced to death." *Jackson*, 327 F.3d 273, 281 (4th Cir. 2003). This Court "entered judgment on May 14, 2001, finding Jackson guilty of the offense charged in the indictment and imposing the sentence of death." *Id.* at 281. The Fourth Circuit affirmed "Jackson's conviction and the sentence of death" in March of 2003. *Id.* at 279. This Court denied Jackson's first motion under 28 U.S.C. § 2255 in 2009, *Jackson v. United States*, 638 F. Supp. 2d 514, 618 (W.D.N.C. 2009), *certificate of appealability denied*, No. 09-0010 (4th Cir. Feb. 11, 2011), and *cert. denied*, 133 S. Ct. 100 (2012).

3

In June of 2016, with authorization from the Fourth Circuit, Jackson filed the 2255 motion currently before this Court, asking this Court to vacate his conviction and sentence. He contends that the residual clause of the definition of "crime of violence" used by 18 U.S.C. §§ 924(c), (j) — which includes any offense that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B) — is unconstitutionally vague. And he alleges that *none* of the three predicate offenses that the jury found Jackson's gun use to have furthered — "murder, kidnapping, and aggravated sexual assault," — continue to qualify as "crimes of violence" under the remaining parts of the definition of that term. *2255 Mot.* 3.

## II. DISCUSSION

This Court should dismiss Jackson's motion under 28 U.S.C. § 2255 for three reasons. First, Jackson was required to raise his challenge to the constitutionality of section 924(c)'s residual clause during his criminal case and on direct appeal. His procedural default precludes him from raising his claim for the first time in this 2255 proceeding. Second, Jackson's claim fails on the merits as a matter of law. Two of the predicate offenses that the jury specifically found Jackson to have committed — first-degree murder and aggravated sexual abuse — continue to qualify as "crimes of violence" under the "force clause" of the definition of that term, which remains valid. *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019). Jackson, therefore, remains properly convicted of using

4

a firearm and causing the death of a person during and in relation to a crime of violence, 18 U.S.C. §§ 924(c), (j). Third, the error Jackson alleges entitles him to no relief because it is harmless and would not have affected the outcome of the proceedings. And the remedy he asks for, moreover — an order vacating both his conviction and sentence — would not be appropriate in any event.

## A. Jackson's procedural default bars his claim.

Jackson was obligated to raise his claim during his criminal case on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). The Supreme Court has held that Jackson can raise his procedurally defaulted claim on collateral review "only" if he can "first demonstrate either 'cause' and actual 'prejudice'" or that he is "actually innocent." *Id.* at 622. Jackson cannot meet either of these two requirements. *Id.*

Jackson cannot establish the cause necessary to overcome his procedural default. Cause requires a "factor external to the defense" that impeded his attorney's efforts to comply with the requirement that he timely raise objections. *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). That the Supreme Court had not issued its decision in *United States v. Davis*, holding that the residual clause of section 924(c)'s definition of "crime of violence," is "unconstitutionally vague," 139 S. Ct. 2319, 2336 (2019), while Jackson's criminal case was before this Court does not establish cause. *See Bousley*, 523 U.S. at 623 (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final). That Jackson's

5

arguments would have been unlikely to succeed would not be enough, even if the arguments would have been entirely futile. *Whiteside v. United States*, 775 F.3d 180, 185 (4th Cir. 2014) (en banc). But Jackson has not identified any precedent that would have foreclosed his argument that the residual clause of section 924(c) is unconstitutional in any event.

If Jackson could establish cause, he would remain unable to establish the requisite "actual prejudice," *Bousley*, 523 U.S. at 622 (cleaned up). At the outset, as explained in greater detail in section II.B below, Jackson was found guilty of what today remains a valid offense under section 924(c) & (j). He therefore cannot establish that any error affected the outcome of his proceedings.

Even if Jackson were able to establish that none of his predicate offenses qualify as "crimes of violence" under section 924(c), he would be unable to establish that the error prejudiced him. When the jury found Jackson guilty of a section 924(c) offense based on the predicate offenses of first-degree murder in the territorial jurisdiction of the United States and kidnapping resulting in death, it found all of the elements of both of those predicate offenses, which are themselves capital offenses. 18 U.S.C. § 1111(a); 1201(a); *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 1999) ("[P]roof of a predicate offense is an essential element of a § 924(c) violation."). The jury indeed did so explicitly. *Verdict Sheet* 1–2. The defect Jackson alleges is confined to "grounds that affect only the greater offense," a violation of 18 U.S.C. § 924(c) & (j). *Rutledge v. United States*, 517 U.S. 292, 306 (1996). Jackson would remain guilty of the

6

capital offenses of kidnapping and murder even if those offenses did not qualify as "crimes of violence." No "reasonable probability" exists, *Strickler v. Greene*, 527 U.S. 263, 296(1999), that Jackson would not have been charged, convicted, and sentenced to death for those offenses directly if they somehow did not qualify as "crimes of violence" under 18 U.S.C. § 924(c) and (j). Indeed, had Jackson raised the error he asserts timely, on direct appeal, *and succeeded*, the remedy would have been to impose a conviction for Jackson's lesser-included, murder, kidnapping, and sexual-abuse offenses. *See Rutledge*, 517 U.S. at 306; *Silvers v. United States*, 90 F.3d 95, 99 (4th Cir. 1996). He therefore cannot establish that the error he alleges "worked to his actual and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (cleaned up).

Nor can Jackson establish "actual innocence" as required to overcome his procedural default in the absence of a showing of cause and prejudice. Jackson has the burden to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 624 (cleaned up). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* "[T]he evidence of Jackson's guilt, including his own confession, was," in the words of the Fourth Circuit, "overwhelming." *Jackson*, 327 F.3d at 297. He cannot overcome his procedural default by establishing actual innocence.

### B. Jackson's motion fails as a matter of law on the merits.

Jackson's 2255 motion also fails as a matter of law on the merits. The jury

7

found Jackson guilty of using a firearm and causing the death of a person during and in relation to a "crime of violence,"18 U.S.C. §§ 924(c), (j), based on three predicate federal offenses — murder, kidnapping, and aggravated sexual abuse. *Verdict Sheet* 1–2. The offense requires only one "crime of violence," 18 U.S.C. § 924(c)(1)(A), (j), and the jury specifically found that Jackson committed all three. *Verdict Sheet* 1–2. The result of Jackson's proceeding would, therefore, have been no different had any two of the three predicates "not been listed as an underlying crime of violence to the § 924(c) charge," and "no reason" would exist "to vacate the § 924(c) conviction." *United States v. Steward*, No. 15-4422, 2019 WL 6875294, at *1 (4th Cir. Dec. 17, 2019) (unpublished decision). If any of the three predicates continues to qualify as a "crime of violence," in other words, Jackson is entitled to no relief.

At least two of Jackson's predicate offenses — first-degree murder and aggravated sexual abuse — continue to qualify as crimes of violence under the force clause of section 924(c), which includes offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The Fourth Circuit has held that federal kidnapping under 18 U.S.C. § 1201(a) "does not categorically qualify as a crime of violence under the force clause." *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). But that holding does not affect the validity of Jackson's conviction, which the jury specifically based on each of the remaining two predicate offenses. *See United States v. Miller*, 471 U.S. 130, 136 (1985) ("A part

8

of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a 'useless averment' that 'may be ignored.'"); *Steward*, No. 15-4422, 2019 WL 6875294, at *1.[2]

### 1. Jackson's murder offense continues to qualify as a crime of violence.

As common sense and a host of court decisions suggest, Jackson's first-degree murder offense under 18 U.S.C. § 1111(a) qualifies as a crime of violence under section 924(c)'s "force clause." *Niles v. United States*, No. 4:01-CR-00198-DCN-1, 2019 WL 6170364, at *3 (D.S.C. Nov. 20, 2019) (citing decisions and concluding that "[c]ourts consistently find murder in violation of § 1111 to be a crime of violence within the scope of the force clause."). "Murder," the statute says, "is the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). "Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing;" the statute continues, "or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the

---

[2] That "Karen Styles' death occurred during the commission of the offense of kidnapping, as defined under 18 U.S.C. § 1201" was an aggravating factor that the jury considered and found unanimously and beyond a reasonable doubt at sentencing. *Jackson*, 327 F.3d at 281. Jackson has identified nothing that suggests the evidence heard by the sentencing jury would have been materially different had kidnapping not been charged or found as a section 924(c) predicate.

9

death of any human being other than him who is killed, is murder in the first degree." *Id.* "Any other murder is murder in the second degree." *Id.* First-degree murder and second-degree murder are different offenses that carry different penalties. 18 U.S.C. § 1111(b). *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).

Jackson was charged with and convicted of "first-degree murder." *Jackson*, 327 F.3d at 288, 299; *Jackson v. United States*, 638 F. Supp. 2d 514, 584 (W.D.N.C. 2009). The jury found that Jackson "committed the murder of Karen Styles with malice aforethought," *Verdict Sheet* 2, an element of both first and second-degree murder. 18 U.S.C. § 1111(a). The jury *also* found that Jackson committed the murder "willfully, deliberately, maliciously and with premeditation," *Verdict Sheet* 2, an element of only first-degree murder. 18 U.S.C. § 1111(a).

Fourth Circuit precedent establishes that "first-degree murder" qualifies "categorically as a crime of violence under the force clause." *Mathis*, 923 F.3d at 265 (discussing Virginia law). The Fourth Circuit held in *In re Irby* that "murder is a crime of violence under the force clause because unlawfully killing another human being requires the use of force 'capable of causing physical pain or injury to another person.'" 858 F.3d 231, 236 (4th Cir. 2017). "Common sense," it further held, "dictates that murder is categorically a crime of violence under the force clause," and such a conclusion is necessary to "avoid an absurd result." *Id.* at 237. *Irby* is dispositive because federal murder requires "unlawfully killing

10

another human being." *Id* at 236; 18 U.S.C. § 1111(a) ("Murder is the unlawful killing of a human being with malice aforethought."). If *Irby* were not enough, the Fourth Circuit recently held in *Mathis* that Virginia's first-degree murder statute, Va. Code § 18.2-32, which mirrors the federal murder statute, categorically meets the requirements of the force clause. *Mathis*, 923 F.3d at 265. "Murder 'requires the use of force capable of causing physical pain or injury to another person' irrespective of whether that force is exerted directly or indirectly by a defendant." *Id.* (quoting *Irby*, 858 F.3d at 238).

Jackson's argument that federal first-degree murder does not require the intentional use of force because it can be accomplished by a death occurring during the commission of a felony, *2255 Mot.* 16–17, is meritless. His argument is misplaced for at least three reasons.

First, the Virginia first-degree murder statute the Fourth Circuit held to be a crime of violence in *Mathis*, like the federal statute, extends to murder "in the commission of" a number of offenses, including arson, abduction, and others. Va. Stat. § 18.2-32; *compare* 18 U.S.C. § 1111(a). The Fourth Circuit held that the Virginia statute "qualifies categorically as a crime of violence under the force clause." *Mathis*, 932 F.3d at 264–65. And this holding controls the application of the language of the force clause to the materially identical federal statute.

Second, the holding Jackson proposes — that the felony-murder rule removes murder from the ambit of the force clause — would render the language of the force clause, which appears in several other criminal statutes, broadly

11

inapplicable to "a quintessential crime of violence such as murder." *Irby*, 858 F.3d at 237. "[M]ost jurisdictions accept the felony-murder doctrine." 2 Wayne R. LaFave, *Substantive Criminal Law*, § 14.5 (3d ed.) The Supreme Court has recently cautioned against the kind of construction Jackson proposes. The language of the force clause should not be construed in a way that "would render it inapplicable in many states." *Stokeling v. United States*, 139 S. Ct. 544, 552 (2019).

Finally, the jury specifically found that Jackson committed his murder "willfully, deliberately, maliciously and with premeditation." *Verdict Sheet* 2. The jury, therefore, specifically convicted Jackson of an intentional murder offense. *United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016) ("Premeditation requires planning and deliberation beyond the simple conscious intent to kill."); *accord Larry v. Branker*, 552 F.3d 356, 367 (4th Cir. 2009) ("Under North Carolina law, premeditation means the 'defendant formed the specific intent to kill the victim for some period of time, however short, before the actual killing.'"). Fourth Circuit precedent leaves no room for doubt that intentional murder qualifies as a crime of violence. *Mathis*, 932 F.3d at 264–65; *Irby*, 858 F.3d at 237.

The correct result in this case is the one that "[c]ommon sense dictates." *Irby*, 858 F.3d at 237. When a jury unanimously found Jackson guilty of using a firearm during and in relation to his first-degree murder of Karen Styles, the jury properly found him guilty of using his firearm in relation to a "crime of violence."

12

For that reason alone, this Court should dismiss Jackson's 2255 motion.

**2.    Jackson's aggravated sexual abuse offense continues to qualify as a crime of violence.**

Jackson's offense of aggravated sexual abuse, 18 U.S.C. § 2241(a) (1998), also continues to qualify as a crime of violence under section 924(c)'s force clause. The statute punishes "[w]hoever, in the special maritime and territorial jurisdiction of the United States or in a federal prison, knowingly causes another person to engage in a sexual act" — "(1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; or attempts to do so."  18 U.S.C. § 2241(a) (1998).  The term "sexual act" is a statutory term defined to include four different kinds of conduct.  18 U.S.C. § 2246(2).  First, the term includes "contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight."  18 U.S.C. § 2246(2)(A).  Second, the term includes "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus."  18 U.S.C. § 2246(2)(B).  Third, the term includes "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(2)(C). Finally, the term includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an

13

intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D).

The offense of aggravated sexual abuse under section 2241(a) has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Two different parts of the offense contain such an element. "[K]nowingly caus[ing] another person to engage in a sexual act" requires the use of force. 18 U.S.C. § 2241(a). And the separate requirement that the defendant either use force against or threaten another person also requires the use or threatened use of force. 18 U.S.C. § 2241(a)(1), (2).

> **a.      Knowingly causing another person to engage in a sexual act under 18 U.S.C. § 2241(a) requires the use of force.**

The requirement of section 2241(a) that the defendant knowingly cause. "knowingly caus[e] another person to engage in a sexual act" requires the use of force. 18 U.S.C. § 2241(a). The requirement demands at least the mens rea required by the force clause. Section 2241 requires "knowing[]" conduct. Jackson does not dispute that this requirement is sufficient. *See United States v. Reid*, 861 F.3d 523, 527 (4th Cir. 2017).

A "sexual act" under section 2241(a) requires the degree of force demanded by the force clause. That clause requires "*violent* force — that is, force capable of causing physical pain or injury to another person." *United States v. Hammond*, 912 F.3d 658, 661 (4th Cir. 2019) (quoting *Johnson v. United States*, 559 U.S.

14

133, 140 (2010) (emphasis supplied by *Johnson*)). The clause "does not require any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Stokeling*, 139 S. Ct. at 554. "[H]itting, slapping, shoving, grabbing, pinching, biting, and hair pulling," therefore, all suffice. *Id.* (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)).

Each of the four kinds of "sexual act" that qualifies under the statute involves the "potentiality" that it will "cause physical pain or injury." *Id.* Each of the four categories involves direct physical contact with the genitals or anus. 18 U.S.C. § 2246(2), (A) – (D). Contact of that kind plainly has "potentiality" to cause some form of pain or injury. *Stokeling*, 139 S. Ct. at 554.

Jackson's focus on the statute's embrace of "slight" contact, *2255 Mot.* 22–23, ignores the statute's limitation to contact with the genitals or anus. Jackson cannot seriously dispute that these body parts are "sensitive areas." *Al Shimari v. CACI Premier Tech., Inc.*, 324 F. Supp. 3d 668, 691 (E.D. Va. 2018). By limiting the offense to contact with these areas, the statute limits its scope to conduct with at least as much potential for causing pain or injury as an ordinary "pull," "yank[]," *Hammond*, 912 F.3d at 664, "shov[e]," or "grab[]." *Stokeling*, 139 S. Ct. at 554.

Jackson's argument also overlooks the requisite focus when applying the force clause on the "minimum conduct" that the government "would *actually punish.*" *United States v. Salmons*, 873 F.3d 446, 448 (4th Cir. 2017) (emphasis

15

added).  "[T]here must be a 'realistic probability, not a theoretical possibility,'" that the United States would "actually punish" causing a sexual act under section 2241(a) that has no potential to cause any pain or injury.  *Id.*  The standard does not permit the application of "'legal imagination' to the" predicate "offense."  *United States v. Bell*, 901 F.3d 455, 472 (4th Cir. 2018) (quoting *Moncrieffe* 569 U.S. 184, 190–91 (2013)).  Instead, a party ordinarily "must at least point to his own case or other cases in which state courts in fact did apply the statute" in the "manner for which he argues."  *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).  Jackson has not come close to meeting this requirement.  He has not identified even an imaginary scenario under which the kind of contact described by the statute would be incapable of causing pain or injury.

### b. The component of section 2241 requiring the use of force or a threat against another person requires the use or threatened use of force.

Perhaps more basically, the requirement that the defendant actually (1) "us[e] force" against another person or (2) "threaten[] or plac[e]" an "other person in fear" meets the requirements of the force clause.   18 U.S.C. § 2241(a).  The requirement that the defendant use force against another by its terms meets the use-of-force component of the force clause.  18 U.S.C. § 924(c)(3)(A).  And threatening another person or placing another person in fear constitutes a threat of force under the clause if it involves a threat or fear of injury to a person or property.  *See Mathis*, 932 F.3d at 266.  Threatening a person with or placing her in fear of "death" or "serious bodily injury" under section 2241(a)(2) plainly

16

qualifies as a threat of force. *Id.*; *Reid*, 861 F.3d at 527. *Compare 2255 Mot.* 23–24 (citing *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012)), with *United States v. Allred*, 942 F.3d 641, 653 (4th Cir. 2019) (describing *Torres-Miguel*'s abrogation).

That the requirement may be satisfied by threatening a person or placing her in fear that she will be "subjected to . . . kidnapping" does not remove the aggravated-sexual-abuse statute from the ambit of the force clause. Kidnapping is often accomplished by unlawfully seizing, confining, abducting or carrying away a person, *see Walker*, 934 F.3d at 378 — conduct at least as capable of causing physical pain or injury as a "shov[e]" or "grab[]." *Stokeling*, 139 S. Ct. at 554. The statute prohibiting kidnapping itself is broader than the force clause because it can be "accomplished . . . through inveiglement," that is, by luring or enticing a victim "through deceit or insincerity." *Walker*, 934 F.3d at 378 (cleaned up). But section 2241(a) does not prohibit kidnapping. It prohibits causing someone to perform a sexual act with the threat of a kidnapping. It makes no "realistic" sense, *Salmons*, 873 F.3d at 448, to say that a person can *threaten or place a victim in fear* that she might be subjected to luring or enticing through deceit or insincerity. The threat would alert the victim to the deceit.

The required focus on conduct that the government "would actually punish," *Salmons*, 873 F.3d at 448, is again dispositive. The statute "prohibits *forced* sexual acts against 'another person.'" *Lockhart v. United States*, 136 S. Ct. 958, 964 n.1 (2016) (emphasis added). No "realistic probability" exists that a

17

defendant would be punished for knowingly causing another person to engage in a sexual act by threatening his victim with kidnapping under circumstances where the actual or threatened conduct had no potential to cause pain or injury. *Salmons*, 873 F.3d at 448. Aggravated sexual abuse, 18 U.S.C. § 2241(a), simply stated, requires more violent force than "shoving" somebody. *Stokeling*, 139 S. Ct. at 554.

C. **The error Jackson alleges would be harmless.**

Even if this Court concluded that none of Jackson's predicate offenses qualify as "crimes of violence," the error would be harmless. Errors on collateral review — even the most serious kind — do not warrant relief unless they "had a substantial and injurious effect or influence" on the outcome of the proceedings. *United States v. Smith*, 723 F.3d 510, 518 (4th Cir. 2013). The standard, by design, requires more to support relief on collateral review than what is necessary on direct appeal. *Id.*

If none of Jackson's three predicate offenses met the definition of "crime of violence" in 18 U.S.C. §§ 924(c) and (j), the outcome of Jackson's trial would have been the same. As mentioned earlier, *see* Section II.A, *supra*, Jackson's section 924(c) conviction necessarily included findings by the jury that Jackson committed the underlying federal offenses of murder, kidnapping, and aggravated sexual abuse, and the jury found Jackson guilty of those offenses explicitly. *Randall*, 171 F.3d at 205; *Verdict Sheet* 1–2. Two of those offenses — murder and kidnapping — are capital offenses, 18 U.S.C. § 1111(a); 1201(a). If

18

those offenses were not "crimes of violence," Jackson would "surely" have been charged with those offenses directly, *Jackson*, 327 F.3d at 305 (bracket omitted). The jury would have found that he committed those offenses no less than it already did. *Verdict Sheet* 1–2. The jury would have heard the same "overwhelming" evidence. *Jackson*, 327 F.3d at 305. And the jury would have had no reason to reach a different conclusion than it did about the appropriate penalty.

The error that Jackson alleges would have required only slightly different allegations in the indictment — allegations that encompass the same conduct of which Jackson was charged and convicted. "Surely the grand jury would have found" probable cause to charge those allegations, no less than it did. *Id.* (cleaned up). The Fourth Circuit has already held that an error requiring different charges the grand jury surely would have returned does not warrant reversal of Jackson's conviction or sentence. *Id.*

If this Court found the errors Jackson alleges, those errors would have had no "*substantial* and *injurious* effect or influence" on the outcome of Jackson's criminal proceedings. *Smith*, 723 F.3d at 518 (emphasis added). Jackson is, therefore, entitled to no relief.

**D.    Jackson would not be entitled to remedy he seeks in any event.**

Even if this Court were to conclude that Jackson has overcome his procedural default, established that none of his predicate offenses qualify as "crimes of violence," and identified an error that is not harmless, he would not be

19

entitled to have this Court "vacate his conviction and sentence." *Cf. 2255 Mot.* 5. The appropriate remedy when a defendant establishes a cognizable error under section 2255 is one that "place[s] him in exactly the same position he would have been" had the error not occurred. *Silvers*, 90 F.3d at 99. The remedy should not give the defendant "a windfall." *Id.*

The appropriate remedy for an error in determining during Jackson's criminal case that his murder, kidnapping, and aggravated-sexual-abuse offenses qualify as "crimes of violence" under section 924(c) is to vacate his section 924(c) conviction and instead enter judgment on the first-degree murder offense that the jury unanimously found Jackson committed. *Silvers*, 90 F.3d at 97 (upholding decision by district court to enter judgment on lesser included offense when vacating erroneous offense under 2255); *see also Rutledge*, 517 U.S. at 306. The jury found that Jackson committed all three federal predicate offenses, and Jackson has no basis to contend that he is not guilty of them. An order vacating Jackson's conviction and allowing him to simply go free would be an extraordinary "windfall," *Silvers*, 90 F.3d at 99 — one that would be particularly unjust in the light of the overwhelming evidence that he committed the most serious of federal crimes with egregious aggravating circumstances.

Entering judgment on the first-degree murder offense that the jury found — a capital offense — and leaving Jackson's death sentence intact would fully correct the alleged error, which is confined to section 924(c). The jury specifically found that Jackson murdered Karen Styles during the perpetration of kidnapping

20

and during the perpetration of aggravated sexual abuse. *Verdict Sheet* 2. This Court can be confident that the jury would have heard substantially the same overwhelming evidence and returned the same sentence recommendation if Jackson had been charged directly with his first-degree murder offense instead of a section-924(c) offense. Because any error related to the vagueness of part of section 924(c) would not have affected Jackson's death sentence, vacating that sentence would not be part of an appropriate remedy. *Silvers*, 90 F.3d at 99.

This Court should dismiss Jackson's 2255 motion because he remains convicted of a valid section 924(c) offense. But, if this Court were to grant his motion, it should exercise its authority to correct only the limited error alleged while leaving Jackson's entirely appropriate death sentence intact.

## III. CONCLUSION

Jackson's 2016 motion under section 2255 fails as a matter of law. The United States, therefore, respectfully requests that this Court dismiss Jackson's motion.

RESPECTFULLY SUBMITTED, this 15th day of January, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/Anthony J. Enright
Assistant United States Attorney
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 344-6222 (phone)
(704) 344-6629 (fax)

21

anthony.enright@usdoj.gov

22

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 15th day of January, 2020, I caused to be served a copy of the foregoing motion to be served on counsel for Jackson via electronic case filing

s/ANTHONY J. ENRIGHT
Assistant United States Attorney

23