IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:16-CV-212-MR
[Criminal Case No. 1:00-CR-74-MR-1]

|  |  |
|---|---|
| RICHARD JACKSON, | ) |
| Petitioner, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

UNOPPOSED MOTION FOR SIXTY-ONE (61) DAY
EXTENSION OF TIME TO FILE A RESPONSE

Richard Jackson, a prisoner in the custody of the United States sentenced to
death and housed at the United States Penitentiary, Terre Haute, Indiana, respectfully
moves this Court for a sixty-one (61) day extension of time to file a response to the
Government's January 15, 2020 Motion to Dismiss. [Doc. No. 17]. In support, Mr.
Jackson states the following:

Mr. Jackson is challenging his 2001 conviction and sentence of death under
18 U.S.C. § 924(c) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). This
Court held Mr. Jackson's motion in abeyance pending related Fourth Circuit
decisions and the Supreme Court's decision in *United States v. Davis*, 139 S. Ct.
2319 (2019) [Doc. No. 8]. On the day *Davis* was decided, this Court ordered the

1

Government to file an answer or other responsive pleading to Mr. Jackson's within sixty days. [Doc. No. 11].

After granting two requests from the Government to extend its deadline to respond to Mr. Jackson's motion, the Court denied without prejudice the Government's Motion to Place Mr. Jackson's Motion in Abeyance pending the United States Supreme Court's decision in *Walker v. United States*, No. 19-373. [Doc. Nos. 15-16]. On November 22, 2019, the Court ordered the Government to file its response to Mr. Jackson's motion by January 15, 2020, which the Government did by way of a Motion to Dismiss. [Doc. Nos. 16-17]. In sum, the Government received extensions totaling 150 days to file its response to Mr. Jackson's motion.

The Government's motion raises a number of complex arguments meriting response. These include the Government's position that: Mr. Jackson's claim is procedurally defaulted because it was not raised on direct appeal, that Mr. Jackson's motion fails because murder and aggravated sexual assault qualify as crimes of violence even though kidnapping does not, that any error Mr. Jackson alleges would be harmless, and that Mr. Jackson would not be entitled to a remedy in any event because the Court could just enter judgment for first-degree murder. [Doc. No. 17 at 7-23].

Petitioner requests an additional sixty-one days to draft his response to these arguments. Under Local Civil Rule 7.1(e), Petitioner's response to the

Government's motion is currently due on January 29, 2020. Counsel's response will require careful briefing on a number of issues including, inter alia, federal jurisprudence relating to the force clause, the categorical approach to determining whether an offense constitutes a crime of violence under 18 U.S.C. § 924(c), procedural default, and whether Mr. Jackson's death sentence and should be vacated should this Court find his § 924(c) conviction to be invalid. In order to provide this Court with professionally adequate briefing on these issues, counsel requests this additional time so that they may provide this Court with a thoroughly researched and professionally briefed response.

On January 21, 2020, counsel for Mr. Jackson spoke with Assistant United States Attorney Anthony Enright who indicated that the Government does not oppose Mr. Jackson's request.

WHEREFORE, Petitioner Richard Jackson respectfully requests that the foregoing motion be granted, that he be permitted to file a response to the Government's January 15, 2020 motion, and that he be given an additional sixty-one days (until Monday, March 30, 2020) to file his response.

3

Respectfully Submitted, this 22nd day of January 2020.

/s/ John A. Fagg, Jr.
John A. Fagg, Jr.
johnfagg@mvalaw.com
Frank E. Schall
frankschall@mvalaw.com
Moore & Van Allen PLLC
100 N. Tryon Street, Suite 4700
Charlotte, NC  28202
Telephone: (704) 331-1000
Facsimile: (704) 378-2092

4