IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00212-MR
[CRIMINAL CASE NO. 1:00-cr-00074-MR]

RICHARD ALLEN JACKSON, )
)
                Petitioner, )
) **MEMORANDUM OF**
vs. ) **DECISION AND ORDER**
)
UNITED STATES OF AMERICA, )
)
                Respondent. )
_____ )

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss [CV Doc. 17].

**I.    BACKGROUND**

On October 31, 1994, 22-year-old Karen Styles went for a run on a trail in the Pisgah National Forest. She was confronted on the trail by the Petitioner Richard Allen Jackson ("Jackson"), who was armed with a gun. Jackson forced her to walk deep into the forest, where he duct-taped her to

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00212-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:00-cr-00074-MR.

a tree and removed her clothing. Jackson then raped Styles. She pleaded with Jackson not to hurt her, but he proceeded to shock Styles with a stun gun, once above her left breast and several times in her pubic area. He placed duct tape over her mouth and then masturbated while looking at a pornographic magazine. When the duct tape over her mouth loosened, Styles began screaming. Jackson then put a gun to Styles's head and shot her once, killing her. Styles's nude body was later discovered by a hunter, still duct-taped to the tree. Investigators found a duct-tape wrapper, a pornographic magazine, and one spent Remington .22 caliber rifle casing near her body, all of which were tied to Jackson. Jackson made a full confession to the crime. As a part of this proceeding, Jackson does not dispute that he committed these acts.

Jackson was charged in this Court in a one count indictment with using and carrying a firearm during and in relation to each of the following crimes of violence: (1) first-degree murder, in violation of 18 U.S.C. § 1111(a); (2) kidnapping, in violation of 18 U.S.C. § 1201(a)(2); and (3) aggravated sexual abuse, in violation of 18 U.S.C. § 2241(a)(1)-(2), and in the course of such violation and through the use of such firearm, causing the death of Karen Styles, all in violation of 18 U.S.C. §§ 924(c) and 924(j)(1). [CR Doc. 19: Superseding Bill of Indictment].

A jury convicted Jackson. [CR Doc. 176: Verdict Sheet]. The jury returned a special verdict form specifically finding that Jackson had committed each of the three crimes of violence specified in the indictment. The jury unanimously found that Jackson "committed the crime of the murder of Karen Styles"; that Jackson "committed the crime of aggravated sexual abuse of Karen Styles"; and that Jackson "committed the crime of kidnaping Karen Styles." [Id. at 1]. Additionally, the jury also specifically and unanimously found that Jackson had committed the murder of Styles in three specific ways. [Id. at 2]. The jury found that Jackson "committed the murder of Karen Styles with malice aforethought, willfully, deliberately, maliciously and with premeditation"; that Jackson "committed the murder of Karen Styles during the perpetration of kidnaping"; and that Jackson "committed the murder of Karen Styles during the perpetration of aggravated sexual abuse." [Id.].

Following a sentencing trial, the jury unanimously recommended that Jackson be sentenced to death. [CR Doc. 181: Special Verdict Form]. This Court entered a Judgment in accord with the jury's verdict of guilty of the offense charged in the indictment and imposing the sentence of death. [CR Doc. 187]. The Fourth Circuit affirmed Jackson's conviction and sentence. Jackson, 327 F.3d at 279. The United States Supreme Court denied

Jackson's petition for writ of certiorari.  Jackson v. United States, 540 U.S. 1019 (2003).

In 2009, this Court denied Jackson's first motion under 28 U.S.C. § 2255.  Jackson v. United States, 638 F. Supp. 2d 514, 618 (W.D.N.C. 2009), cert. of appealability denied, No. 1:04cv251, 2010 WL 2775402 (W.D.N.C. July 13, 2010).  The Fourth Circuit denied a certificate of appealability and dismissed Jackson's appeal.  Jackson v. United States, No. 09-0010 (4th Cir. Feb. 11, 2011).  The United States Supreme Court then denied a petition for writ of certiorari.  Jackson v. United States, 568 U.S. 826 (2012).

In June of 2016, with authorization from the Fourth Circuit, Jackson filed the present Motion to Vacate, asking this Court to vacate his conviction and sentence.  In his motion, he argues that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the three federal offenses upon which Jackson's conviction rested—murder, kidnapping, and aggravated sexual assault—can no longer be considered "crimes of violence" under 18 U.S.C. § 924(c)(3) and thus his conviction is void.  [CV Doc. 1].

In response to Jackson's petition, the Government filed a motion to hold this proceeding in abeyance pending decisions by the Fourth Circuit Court of Appeals in the cases of United States v. Ali, No. 15-4433 (4th Cir.)

4

and United States v. Simms, No. 15-4640 (4th Cir.). [CV Doc. 7]. At issue in these cases was whether Johnson rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague. The Court granted the Government's motion and held this case in abeyance pending a decision in Ali and/or Simms. [CV Doc. 8]. At the request of the parties, the Court continued to hold this case in abeyance pending a decision in United States v. Davis, No. 18-431, in which the United States Supreme Court granted certiorari in order to address the constitutionality of the residual clause of § 924(c). [CV Doc. 10].

The Supreme Court announced its decision in Davis on June 24, 2019. United States v. Davis, 139 S. Ct. 2319 (2019). Thereafter, the Court lifted the stay of this action and directed the Government to file a response to the Petitioner's allegations. [CV Doc. 11]. The Government thereafter received two extensions of time in which to respond. [CV Text-Only Orders entered Aug. 19, 2019 and Oct. 2, 2019]. In November 2019, the Government moved to stay the case pending a decision by the Supreme Court in Walker v. United States, No. 19-373 (cert. granted Nov. 15, 2019).[2] [CV Doc. 15]. The Court

---

[2] The question presented in Walker was whether an offense that can be committed with a mens rea of recklessness can qualify as a "violent felony" under the Armed Career Criminal Act. Due to the death of the petitioner, the Supreme Court dismissed the petition for writ of certiorari on January 27, 2020. Walker v. United States, No. 19-373, 2020 WL 411668 (U.S. Jan. 27, 2020).

5

denied the Government's motion without prejudice and directed the Government to respond to the Motion to Vacate. [CV Doc. 16].

The Government filed the present Motion to Dismiss on January 15, 2020. [CV Doc. 17]. The Petitioner filed his Response to the Government's Motion to Dismiss on March 30, 2020. [CV Doc. 21].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Jackson was convicted of violating 18 U.S.C. §§ 924(c) and 924(j)(1), which together impose an enhanced sentence for a defendant who causes the death of another while using or carrying a firearm during, among other things, a "crime of violence." 18 U.S.C. §§ 924(c)(1)(A), (j)(1). A "crime of violence" is defined as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["the residual clause"].

Id. § 924(c)(3).

Following its reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the residual clause of the Armed Career Criminal Act was found to be constitutionally infirm, the Supreme Court has held that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2323 (2019). The Supreme Court has held that its ruling in Johnson, being a new substantive rule, is retroactively applicable to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Numerous courts of appeals have held that Davis is similarly applicable retroactively to claims asserted on collateral review. See, e.g., United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1098 (10th Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019).

With the elimination of the residual clause portion of the definition of "crime of violence" in § 924(c), a conviction under this statute may stand only if the underlying offense qualifies as a crime of violence under the force

clause of § 924(c)(3)(A). Jackson argues that his conviction and capital sentence must be vacated, and that he is entitled to immediate release, because none of the three offenses supporting his § 924(c) conviction—murder, kidnapping, and aggravated sexual abuse—requires the intentional use of physical force and therefore cannot satisfy the force clause.

In order to determine whether the predicate offense underlying a §924(c) conviction falls within the force clause, the Court looks to the elements of the "ordinary case" of such offense. In re Irby, 858 F.3d 231, 234 (4th Cir. 2017). In so doing, the Court is mindful that Jackson's offense of conviction requires only one "crime of violence." 18 U.S.C. §§ 924(c)(1)(A), (j)(1). Thus, if any of the three predicate offenses continues to qualify as a "crime of violence," Jackson is entitled to no relief.

The Court first turns to Jackson's first-degree murder offense under 18 U.S.C. § 1111(a). Section 1111(a) defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a). The statute further provides as follows:

> Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a

8

> child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Id. "Any other murder is murder in the second degree." Id. First-degree murder and second-degree murder are different offenses that carry different penalties. See 18 U.S.C. § 1111(b).

Fourth Circuit precedent establishes that "first-degree murder" qualifies categorically as a crime of violence under the force clause of § 924(c). The Fourth Circuit held in Irby that "murder is a crime of violence under the force clause because unlawfully killing another human being requires the use of force 'capable of causing physical pain or injury to another person.'" Irby, 858 F.3d at 236 (citation omitted). As the Court noted: "[s]imply, it is hard to imagine conduct that can cause another to die that does not involve physical force against the body of the person killed." Id. at 236 (quoting in part United States v. Checora, 155 F. Supp. 3d 1192, 1997 (D. Utah. 2015)). Further, the Fourth Circuit recently held in Mathis that Virginia's first-degree murder statute, Va. Code § 18.2-32, which mirrors the federal murder statute, categorically meets the requirements of the force clause. United States v. Mathis, 932 F.3d 242, 265 (4th Cir. 2019).

Jackson argues that federal first-degree murder does not require the intentional use of force because it can be accomplished by a death occurring

9

during the commission of a felony. [CV Doc. 1-1 at 20-21]. Accepting this argument, however, would render the language of the force clause broadly inapplicable to murder. The Fourth Circuit, however, has unambiguously recognized that murder constitutes "a quintessential crime of violence." Irby, 858 F.3d at 237. The felony-murder doctrine is recognized in most jurisdictions in the United States. See 2 Wayne R. LaFave, Substantive Criminal Law, § 14.5 (3d ed.). Adopting Jackson's position here would render the force clause inapplicable to murder in all of these jurisdictions. The Supreme Court has cautioned that the language of the force clause should not be construed in a way that "would render it inapplicable in many states." Stokeling v. United States, 139 S. Ct. 544, 552 (2019).

In short, as the Fourth Circuit has recognized, and as common-sense dictates, the offense of murder in the first degree is unquestionably a crime of violence under the force clause of § 924(c). To hold otherwise would be to exclude the "most morally repugnant crime" from the ambit of the force clause, Irby, 858 F.3d at 237, while permitting less serious offenses, such as robbery, to remain. See United States v. Mathis, 932 F.3d 242, 265-66 (4th Cir.) (holding that Hobbs Act robbery is a crime of violence), cert. denied, 140 S. Ct. 639 (2019). The law cannot countenance such an absurd and illogical result.

10

Jackson's offense of aggravated sexual abuse also clearly qualifies as a crime of violence under the force clause. Section 2241(a) punishes "[w]hoever, in the special maritime and territorial jurisdiction of the United States or in a federal prison, knowingly causes another person to engage in a sexual act" — "(1) by *using force* against that other person; or (2) by *threatening* or placing that other person in fear that any person will be subjected to *death, serious bodily injury, or kidnapping*; or attempts to do so." 18 U.S.C. § 2241(a) (1998) (emphasis added). As the Supreme Court has noted, this statute "prohibits *forced* sexual acts against 'another person.'" Lockhart v. United States, 136 S. Ct. 958, 964 n.1 (2016) (emphasis added). It is difficult to fathom how a "forced sexual act" does not involve the use of force sufficient to satisfy § 924(c)(3)(A).

Jackson attempts to argue that aggravated sexual abuse does not qualify as a crime of violence because the offense may be accomplished by physical contact, "however slight," or even by no contact at all [CV Doc. 1-1 at 24-27]. Jackson further argues that because kidnapping may be accomplished in "many non-forceful ways," the use of a threat of kidnapping does not constitute a threat of physical force, thereby removing the entire crime of aggravated sexual abuse from the ambit of the force clause. [Id. at 27-28]. In making such arguments, Jackson blithely ignores the requirement

that when applying the force clause the Court must focus on the "minimum conduct" that the government "would *actually punish.*" United States v. Salmons, 873 F.3d 446, 448 (4th Cir. 2017) (emphasis added). In other words, "there must be a 'realistic probability, not a theoretical possibility,'" that the Government would "actually punish" causing a sexual act under section 2241(a) that has no potential to cause any pain or injury. See id. The standard does not permit the application of "legal imagination" to the predicate offense. United States v. Bell, 901 F.3d 455, 472 (4th Cir. 2018) (quoting Moncrieffe v. Holder, 569 U.S. 184, 191 (2013)), cert. denied, 140 S. Ct. 123 (2019). Instead, a party ordinarily "must at least point to his own case or other cases in which state courts in fact did apply the statute" in the "manner for which he argues." Bell, 901 F.3d at 472 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)). Jackson has not come close to meeting this requirement for either of his arguments. He has not identified even an imaginary scenario under which the kind of actual or threatened conduct described by the statute had no potential of causing pain or injury.[3]

---

[3] Because the Court has determined that at least two of Jackson's underlying offenses qualify as crimes of violence under the force clause, the Court need not address Jackson's other underlying offense or the other arguments raised in the Government's Motion to Dismiss.

12

Jackson's crimes against Karen Styles involved some of the worst and most violent conduct that any human being can inflict on another: kidnapping, assault, rape, and ultimately, murder. Jackson not only took the life of Karen Styles: he terrorized, tortured, and raped her before executing her with a single bullet to the head. Counsel's effort to argue that Jackson's crimes do not constitute crimes of violence, however well-meaning, flies in the face of reason and common-sense. They simply represent the next step in the continued "protracted ruse for paradoxically finding even the worst and most violent offenses not to constitute crimes of violence." United States v. Doctor, 842 F.3d 306, 313 (4th Cir. 2016) (Wilkinson, J., concurring). Such arguments undermine the public's confidence in lawyers, the legal system, and the Court. While the Court appreciates zealous advocacy by counsel on the part of a litigant, such advocacy has its limits. And the Court cannot allow a lawyer's zealous representation of a client to undermine the principles of justice.

### IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted, and the Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. §

2253(c)(2); see also Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Given the specific issues presented here, it is hard to imagine that reasonable jurists would adopt the Petitioner's arguments. The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the motion to vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [CV Doc. 17] is **GRANTED**, and the Petitioner's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 31, 2020

Martin Reidinger
United States District Judge